IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LATOYA FOUNTAIN, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CHIME SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Latoya Fountain, by and through undersigned counsel, and files this Complaint for Damages against Defendant Chime Solutions, Inc. ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

#### 1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

#### 2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Evelyn Wilson, 1000 Southlake Mall, Suite 201, Morrow, Georgia 30260.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a "Notice of Right to Sue," entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

7.

Defendant has now, and at all times relevant hereto, been an employer subject to the Americans with Disabilities Act ("ADA").

8.

Plaintiff began her employment with Defendant, on or about June 2020, as a service delivery consultant. Plaintiff was subsequently promoted to an operations manager position in October 2021. Both positions were remote.

9.

Plaintiff suffers from disabilities, of which Defendant had actual knowledge at all times relevant. In particular, Plaintiff suffers from post-traumatic stress disorder, major depressive disorder, attention deficit hyperactivity disorder, Anxiety, Fibromyalgia and elevated white blood cell count.

10.

In April 2022, Defendant began discussing employees coming in the office one to two times a week.

11.

Plainitff's immediate supervisor, Richard Daly, tried to advocate on Plaintiff's behalf with Defendant's Human Resources Department, to permit Plaintiff to continue working remotely, but to no avail.

12.

At all times relevant, Plaintiff lived four (4) hours away from the job.

13.

Plaintiff requested an ADA accommodation in April 2022, but the request was denied on June 29, 2022.

14.

On June 30, 2022, Plaintiff told Tommy, a managing partner, that she had contacted the EEOC.

15.

The next day, Tommy called a meeting between Plaintiff, Tara and himself and Plaintiff was told the company was implementing a reduction in force and Plaintiff's job was being eliminated.

16.

However, in April 2022, Kimberly  (last name unknown), had just been promoted to the same operations manager position Plaintiff held.

17.

Any reason given for her termination is pretext for unlawful discrimination, based on Plaintiff's disabilities, and retaliation for Plaintiff engaging in protected activity.

18.

Plaintiff was and remains able to perform the essential job functions of the job for which she was hired, with or without a reasonable accommodation.

19.

Defendant terminated Plaintiff because of her disabilities or perceived disabilities and/or in retaliaion for her protected activity.

20.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of her disabilities and retaliated against Plaintiff for engaging in protected activity.

21.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## (ADA DISCRIMINATION)

22.

Plaintiff repeats and re-alleges paragraphs 7-16 as if set forth fully herein.

23.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

24.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

25.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

26.

At times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

27.

Plaintiff's disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

28.

At all times relevant, Plaintiff could perform the essential functions of her position, with or without a reasonable accommodation.

29.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

30.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

31.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

32.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has

not only deprived Plaintiff of equal employment opportunities but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

33.

Plaintiff is entitled to compensatory and punitive damages.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA") (RETALIATION)

34.

Plaintiff repeats and re-alleges paragraphs 7-21 as if set forth fully herein.

36.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including opposing disability discrimination and requesting a reasonable accommodation for a disability.

37.

Plaintiff engaged in protected activity by notifying the Defendant of her disabilities and seeking a reasonable accommodation, along with informing management she had contacted the EEOC regarding her situation.

38.

Defendant subjected Plaintiff to adverse employment action by terminating her employment after she engaged in protected activity.

39.

There is a causal connection between Plaintiff's protected activity and Defendant's decision to terminate her employment as a result.

40.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

41.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)       General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)        Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)        Special damages for lost wages and benefits and prejudgment interest thereon;

(d)        Reasonable attorney's fees and expenses of litigation;

(e)        Trial by jury as to all issues;

(f)        Prejudgment interest at the rate allowed by law;

(g)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)        All other relief to which he may be entitled.

This 19th day of September 2022.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. box 530092
Atlanta, GA 30353-0092
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com